```
ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL (St. Bar #50246)
220 Montgomery Street, Suite 303
San Francisco, CA  94104
Telephone:  (415) 392-5431

Attorneys for Plaintiffs
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA FLOOR COVERING INDUSTRY WELFARE FUND; STEVE HAVENS, TRUSTEE,<br><br>    Plaintiffs,<br><br>  vs.<br><br>CONTEMPORARY FLOOR, INC., a California corporation<br><br>    Defendant. | NO. C 07 5232 MEJ<br><br>COMPLAINT |

   Plaintiffs complain of defendant and for a cause of action allege that:

   1. Jurisdiction of this Court is founded upon Section 301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. § 185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. §1132), in that defendant has violated a collective bargaining agreement and certain Trust Agreements, thereby violating the provisions of ERISA and the provisions of the National Labor Relations Act of 1947.  This action is also brought pursuant to the Federal

COMPLAINT        -1-

1  Declaratory Judgment Act (28 U.S.C. § 2201 et seq.) in a case of
2  actual controversy between plaintiffs and defendant, and for a
3  Judgment that defendant make available for examination by plaintiffs
4  its past payroll books and records and pay fringe benefit
5  contributions in accordance with its contractual obligations.

6      2.  Plaintiffs, BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA
7  FLOOR COVERING INDUSTRY WELFARE FUND, (hereinafter "TRUST FUND"),
8  named in the caption, are trustees of employee benefit plans within
9  the meaning of §§3(1) and (3) and §502(d)(1) of ERISA, 29 U.S.C.
10 §1002(1) and (3) and §1132(d)(1), and a multiemployer plan within the
11 meaning of §§3(37) and 515 of ERISA, 29 U.S.C. §§1002(37) and §1145.
12 Plaintiff STEVE HAVENS is a Trustee.  Said TRUST FUND is authorized
13 to maintain suit as independent legal entities under §502(d)(1) of
14 ERISA, 29 U.S.C. §1132(d)(1).

15     3.  Plaintiffs are informed and believe and thereupon allege
16 that defendant, CONTEMPORARY FLOOR, INC., resides and does business
17 in Concord, CA.  The collective bargaining agreement for Local 12 was
18 entered into in San Jose, CA.  Performance of the obligations set
19 forth therein is in this judicial district.

20     4.  Each and every defendant herein is the agent of each and
21 every other defendant herein.  Defendants and each of them are engaged
22 in commerce or in an industry affecting commerce.

23     5.  At all times pertinent hereto, defendant was bound by
24 certain Project Labor Agreements with Carpet, Linoleum & Soft Tile
25 Workers, Local 12, a labor organization in an industry affecting
26 commerce.  The aforesaid agreement provides that defendants shall make
27 contributions to the TRUST FUND, on behalf of defendant's employees
28 on a regular basis on all hours worked, and that defendant shall be

bound to and abide by all the provisions of the respective Trust Agreement and Declaration of Trust of said TRUST FUND (hereinafter the "Trust Agreement").

6. Plaintiffs rely upon voluntary monthly reporting by employers. Plaintiffs deem it necessary and advisable to examine employers' payroll books and records from time to time to determine whether or not employers have accurately reported and paid all contributions due on behalf of all employees covered by the collective bargaining agreement.

7. The Trust Agreement provides at Article II, Section 11 that:

> "The Board or its authorized representatives shall have the right to audit the books and records of any Individual Employer as may be necessary to determine if all contributions required of such Individual Employer pursuant to the applicable collective bargaining agreement have been properly and timely paid, and/or to determine that the correct contributions have been received for all persons for whom such Individual Employers require to make contributions pursuant to the applicable collective bargaining agreement. Each Individual Employer shall make such books and records available at all reasonable times and places, during business hours, so that such audits may be conducted."

8. Plaintiffs have requested defendant to make all of his payroll books and records of all defendant's employees available to plaintiffs in order to permit plaintiff to examine said payroll books and records for the period July 1, 2003 to present. Defendant has breached the aforesaid Trust Agreement and collective bargaining agreement in that he has refused and continues to refuse to permit plaintiffs to examine all of said payroll books and records for said period. It is necessary for plaintiffs to examine all of defendant's

payroll books and recovers covering all defendant's employees to determine the exact amount owing by defendant to the TRUST FUND. Said amounts owed the TRUST FUND are upon a mutual, open and current account where there have been reciprocal demands between the parties.

9. An actual controversy exists between plaintiffs and defendant in that plaintiffs contend that they are entitled to examine all the payroll books and records of defendant for the purpose of determining the amounts owed by defendant to the TRUST FUND, and defendant refuses to permit plaintiffs to conduct such examination and contends that plaintiffs are not entitled to conduct a complete examination of all of defendant's payroll books and records.

10. The Trust Agreement provides that, in the event suit is instituted to enforce the terms of the agreement and payments due thereunder, the defendant shall pay court costs and a reasonable attorneys' fee. It has been necessary for plaintiffs to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION, as attorneys to prosecute the within action, and a reasonable attorneys' fee should be allowed by the Court on account of the employment by plaintiff of said attorneys.

WHEREFORE, plaintiffs pray:

1. The Court require enforcement of the aforesaid agreements by ordering defendant to permit plaintiffs to examine all of the past payroll books and records of defendant for the purpose of ascertaining the amounts owed by said defendant to the TRUST FUND for the period July 1, 2003 to present, and that defendant make all of its past payroll books and records available to plaintiffs for the purpose of making such examination;

2. That the Court render a judgment on behalf of plaintiffs

for all contributions due and owing to the date of judgment, plus liquidated damages provided for by the contract, interest at the legal rate, reasonable attorneys' fees incurred in prosecuting this action and costs.

    3.   That the Court enjoin the defendant from violating the terms of the collective bargaining agreement and the Trust Agreement for the full period for which defendant is contractually bound to file reports and pay contributions to the TRUST FUND.

    4.   That the Court retain jurisdiction of this cause pending compliance with its orders.

    5.   For such other and further relief as the Court deems just and proper.

Dated:   October 11, 2007

ERSKINE & TULLEY

By: /s/Michael J. Carroll
    Michael J. Carroll
    Attorneys for Plaintiffs

COMPLAINT   -5-