1 **BRIAN D. SEIBEL, ESQ.,** State Bar No. 62715
SEIBEL & FINTA
2 1850 Mt. Diablo Boulevard, Suite 650
Walnut Creek, California 94596
3 Telephone: (925) 947-1600

4 Attorneys for Defendant
CFI CONTEMPORARY FLOORS, INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF NORTHERN CALIFORNIA FLOOR COVERING INDUSTRY WELFARE FUND; STEVE HAVENS, TRUSTEE<br><br>        Plaintiff,<br><br>    v.<br><br>CONTEMPORARY FLOOR, INC., a California corporation<br><br>        Defendant. | No. C07-5232-MEJ<br><br>ANSWER OF CFI CONTEMPORARY FLOORS, INC. |

Defendant CFI CONTEMPORARY FLOORS, INC., a California corporation, erroneously sued herein as Contemporary Floor, Inc., answers the complaint on file herein as follows:

    1.    In response to paragraph 1 of the complaint Defendant admits the jurisdictional allegations therein.

    2.    In response to paragraph 2 of the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

    3.    In response to paragraph 3 of the complaint Defendant admits that it is a corporation with its principal place of business in Concord, California. Except as so

admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4. In response to paragraph 4 of the complaint Defendant denies each and every allegation contained therein.

5. In response to paragraph 5 of the complaint Defendant denies each and every allegation contained therein.

6. In response to paragraph 6 of the complaint Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

7. In response to paragraph 7 of the complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

8. In response to paragraph 8 of the complaint, Defendant admits that Plaintiff has made the request to examine all of Defendant's payroll books and records of all of Defendant's employees. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

9. In response to paragraph 9 of the complaint, Defendants admit that an actual controversy exists between Plaintiff and Defendant and that Defendants contend that Plaintiff is not entitled to conduct the examination requested by Plaintiff. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

10. In response to paragraph 10 of the complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

### FIRST AFFIRMATIVE DEFENSE

The complaint, and each cause of action therein, is barred by the doctrine of laches because Plaintiff unreasonably delayed in bringing this action to the prejudice of this

answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

The complaint, and each cause of action therein, is barred and Plaintiff is estopped from obtaining any recovery from this answering Defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed and neglected to use reasonable care to minimize and mitigate the losses, injuries and damages complained of, if any there are.

### FOURTH AFFIRMATIVE DEFENSE

The complaint is barred and fails to state a cause of action against this answering Defendant in that Plaintiff failed to give timely and proper notice.

### FIFTH AFFIRMATIVE DEFENSE

At all times alleged in the complaint, Defendant acted in good faith and had reasonable grounds to believe its conduct was not unlawful, if in fact it was.

### SIXTH AFFIRMATIVE DEFENSE

The right to the relief sought by Plaintiff terminated upon the expiration of the Agreement on which such relief is based.

### SEVENTH AFFIRMATIVE DEFENSE

The scope of the requested relief sought by Plaintiff is unreasonable, excessive and not authorized pursuant to the Agreement on which Plaintiff's request for relief is based.

///
///
///
///
///
///
///
///

| | |
|---|---|
| 1 | WHEREFORE, Defendant requests judgment as follows: |
| 2 | 1.    That Plaintiff take nothing by reason of the Complaint; |
| 3 | 2.    That the Complaint be dismissed with prejudice; |
| 4 | 3.    For costs of suit incurred herein; |
| 5 | 4.    For reasonable attorney's fees; and |
| 6 | 5.    For such other and further relief as the Court may deem just and proper. |
| 7 | Dated: March 18, 2008            SEIBEL & FINTA |
| 8 | |
| 9 | _____ Brian D. Seibel, Attorneys for Defendants, CFI CONTEMPORARY FLOORS, INC |

**PROOF OF SERVICE**

I hereby declare under penalty of perjury that I am a citizen of the United States and over the age of eighteen years, that I am not a party to the within action, and that my business address is 1850 Mt. Diablo Blvd., Suite 650, Walnut Creek, California 94596.

On March 18, 2008, I served the following document:

ANSWER OF CFI CONTEMPORARY FLOORS, INC.

on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

Michael J. Carroll, Esq.
ERSKINE & TULLY
220 Montgomery Street, Suite 303
San Francisco, CA 94104
Facsimile No. (415) 392-1978

XX      (By Mail) I deposited such envelope in the mail at Walnut Creek, California. The envelope was mailed with postage thereon fully prepaid.

☐      (By Mail) As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Walnut Creek, California, in the ordinary course of business.

☐      (By Certified Mail) I caused such envelope with postage thereon fully prepaid to be placed in the United States Certified mail Return Receipt Requested at Walnut Creek, California.

☐      (By Overnight Delivery) I deposited such envelope in the United Parcel Service depository at Walnut Creek, California. The envelope was sent with delivery charges thereon fully prepaid.

☐      (By Facsimile) I caused each document to be delivered by electronic facsimile to the offices listed above.

XX      (Federal) I declare, under penalty of perjury, under the laws of the United States of America, that the foregoing information contained in the Declaration of Service is true and correct.

Executed on March 18, 2008, at Walnut Creek, California.

_____
KRISTINE LAIRD